IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AHMAD SAYED HASHIMI, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | Criminal Case No. 1:16-cr-135 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | The Honorable Rossie D. Alston Jr. |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**UNITED STATES' MOTION TO FIND WAIVER OF ATTORNEY–CLIENT
PRIVILEGE AND EXTEND TIME TO RESPOND TO
DEFENDANT'S POSITION REGARDING HIS MOTION UNDER 28 U.S.C. § 2255**

The United States of America, through undersigned counsel, respectfully requests that this Court enter an Order: (1) finding that the petitioner, Ahmad Sayed Hashimi ("Petitioner"), by asserting ineffective assistance of counsel claims and discussing his privileged communications with his former counsel in his Motion Under 28 U.S.C. § 2255, which is accompanied by a supporting "Defendant's Position Regarding His 28 U.S.C. § § 2255" ( collective "the Motion"), has waived any attorney–client privilege over the issues covered by the allegations in the Motion; (2) ordering Petitioner's former counsel to file an affidavit responding to the allegations in the Motion and share information with the United States related to those allegations; and (3) granting an extension of time for the United States to file its response to the Motion, until after Defense Counsel has submitted an affidavit.

## BACKGROUND

### A. Charges Against Petitioner

Beginning in November 2009, Petitioner ran a large-scale drug conspiracy to process and sell cocaine within the Eastern District of Virginia, among other areas. Over time, petitioner expanded his business to include oxycodone. As the conspiracy developed, Petitioner began a romantic relationship with Hilina Damte, a girlfriend who Petitioner initially used to conduct cocaine sales and, later, oxycodone sales. Petitioner regularly beat Damte, precipitating in Petitioner beating and choking her in the fall of 2013 out of suspicion that she was stealing pills from him. Damte fled with cocaine the Petitioner prepared for sale and was cornered by the Petitioner and a group of men at a subsequent drug sale, dragged from her car, transported and dragged into his car, and beaten repeatedly. Damte eventually escaped and was arrested, pled guilty, and was incarcerated in connection with the oxycodone conspiracy. Petitioner was arrested in the spring of 2016 and indicted on June 22, 2016, by a grand jury in the Eastern District of Virginia on four counts: (1) Conspiracy to Distribute Oxycodone; (2) Conspiracy to Distribute Cocaine; (3) Kidnapping; and (4) Interstate Domestic Violence. Petitioner pled not guilty to all four counts.

### B. Trial, Sentencing, and Appeals

The trial commenced on September 26, 2016 and ended on September 28, 2016. ECF Nos. 69, 72, 73, 80. Prior to trial, the government extended a number of plea offers which Petitioner entertained just up to trial, and then rejected despite extensive edits and negotiation. ECF No. 109, 11-12. Petitioner now attributes his rejection of the latest plea offer near the eve of trial on his distrust of counsel, and not because he maintained his innocence. *Id.* at 14. The Court assessed trial counsel's sufficiency, ultimately concluding that Petitioner was informed of the plea offers

by counsel and had "no question" that trial counsel went "above and beyond what's required" to assist Petitioner. *Id*. At the close of evidence, Petitioner's defense counsel inquired out of the presence of the jury whether the Court would permit Petitioner to plea guilty to the kidnapping and interstate domestic violence charges and submit the drug conspiracy charges to the jury. The Court ruled against Petitioner. Petitioner's defense counsel thus conceded at closing argument that Petitioner assaulted and kidnapped Damte, and focused his attention on contesting the drug conspiracy charges. The jury ultimately found Petitioner guilty on all four counts. ECF Nos. 73, 80. This Court sentenced Petitioner to 240 months on both drug conspiracy counts, 300 months as to the kidnapping count, and 120 months on the interstate domestic violence count, all to run concurrently. ECF No. 94.

Petitioner appealed to the Fourth Circuit, which unanimously affirmed his conviction. *See* 718 Fed. App'x 178 (4th Cir. Jan. 22, 2018). Petitioner then filed a writ of certiorari. *See* Petition for a Writ of Certiorari, No. 18-5184 (June 9, 2018). The Supreme Court vacated Petitioner's conviction and remanded to the Fourth Circuit for further consideration in light of *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). *See* 139 S. Ct. 377 (2018). The Fourth Circuit again affirmed Petitioner's conviction. *See* 768 Fed. App'x 159, 162-63 (4th Cir. Apr. 25, 2019). Petitioner filed a motion for rehearing *en banc*, which the Fourth Circuit denied. ECF No. 124. Petitioner timely filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 138, 139. This Court denied Petitioner's 28 U.S.C. § 2255 motion without an evidentiary hearing. Petitioner then appealed this Court's order denying relief on his 28 U.S.C. § 2255 motion. ECF No. 169. The Fourth Circuit vacated the denial of Petitioner's 28 U.S.C. § 2255 motion and remanded it for further factual development on whether defense counsel informed the defendant of the plan to

concede guilt, and whether the defendant accepted, rejected, or did not comment on defense counsel's plan.  ECF No. 170 at 2, 15.

## CLAIMS RAISED IN MOTION

On March 20, 2025, Petitioner filed the instant Motion.  ECF No. 179.  On May 23, 2025, this Court granted the United States leave to respond to the Motion by July 25, 2025, and scheduled an evidentiary hearing on September 24, 2025.  ECF No. 181.

Petitioner's Motion alleges ineffective assistance by Petitioner's former defense attorney, Bruce Johnson.  Notably, Petitioner asserts that defense counsel conceded at closing argument that Petitioner assaulted Petitioner's ex-girlfriend "without consultation."  ECF No. 179 at 3.

The merit of Petitioner's claim hinges on communications between Petitioner and his counsel at the time. Understanding the extent of Mr. Johnson's consultation with Petitioner about the plan to concede guilt is critical to the United States' ability to provide an adequate and comprehensive response to the Motion.

## REQUESTS FOR ADDITIONAL TIME AND
## FOR DECLARATION OF WAIVER OF ATTORNEY–CLIENT PRIVILEGE

Undersigned counsel is continuing to review the record in this case—which dates back to 2016 and comprises close to 200 entries—and respectfully requests additional time to receive a comprehensive response from Petitioner's prior attorney regarding the specific claims of ineffective assistance.  As such, the United States respectfully moves this Court to find that the attorney–client privilege has been waived with regard to the issues and allegations of ineffective assistance that Petitioner raises in his most recent position paper.

Moreover, neither the United States nor this Court will be able to adequately determine the necessary facts related to those claims without input from Petitioner's former defense counsel, who is listed in Petitioner's position paper.  As such, the United States respectfully moves this

Court to order defense counsel Bruce Johnson to submit an affidavit to this Court responding to the specific allegations of ineffective assistance of counsel against him.

This Court is empowered to authorize an order declaring attorney–client privilege waived here with respect to the allegations made in the Motion. "[B]y putting the conduct of his former counsel and their communications into issue in this proceeding, . . . Petitioner has intentionally waived the attorney-client privilege with respect to those communications." *Courtade v. United States*, 243 F. Supp. 3d 699, 704 (E.D. Va. 2017) (citations omitted) (citing Fed. R. Evid. 502(a); *Cross v. United States*, 2016 WL 4766490, at *1 (S.D.W. Va. Sept. 12, 2016); *Butler v. United States*, 2016 WL 1427090, at *3 (D. Md. Apr. 12, 2016)); *see also LaBorde v. Virginia*, 2011 WL 2358510, at *2 (E.D. Va. June 9, 2011) (quoting *United States v. Pinson*, 584 F.3d 972, 978 (9th Cir. 2009)) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Harris v. United States*, 2009 WL 5098970, at *3 n.3 (E.D. Va. 2009) (citing *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974)) ("[B]ecause Harris has alleged that both his former attorneys . . . provided ineffective assistance of counsel, he has waived any attorney-client privilege as it pertains to these attorneys.").

Professional responsibility rules may prohibit the defense counsel from disclosing the relevant communications, absent an order from this Court. ABA Formal Opinion 10-456,[1] issued by the American Bar Association Standing Committee on Ethics and Professional Responsibility, suggests that defense counsel usually may not disclose a former client's confidential information

---

[1] Available at pages 4–8 of ethics materials on the website for the U.S. District Court for the Eastern District of Missouri, https://www.moed.uscourts.gov/sites/moed/files/documents/2022%20Ethics%20Materials.pdf.

5

voluntarily to the government absent the client's consent or in response to a court order. The Virginia State Bar's Ethics Committee has taken a similar position,[2] indicating that a lawyer's ethical duties are broader than the attorney–client privilege.[3]

Undersigned counsel has reached out to the defense counsel Bruce Johnson to notify him of the Motion and the possibility that this Court will order him to submit a declaration of his own.[4] Given the age and complex history of this case, the defense attorney will likely need time to locate old records, review the dockets, and compose an adequate response to Petitioner's allegations. Accordingly, the United States requests that the Court give the defense attorney thirty days from the date of the Court's Order to file an affidavit.

Further, the United States believes it will be difficult to prepare a thorough response to the Motion by the current deadline of July 25, 2025—particularly without input from defense counsel whose actions are central to Petitioner's allegations. The United States therefore respectfully requests an extension to file its response to the Motion, seeking a new due date of approximately thirty days after the final affidavit from defense counsel is filed. Petitioner will not be prejudiced by this extension given the need to adequately address his allegations, and this is the United States'

---

[2] *See* Legal Ethical Opinion 1859, Va. State Bar (2012), https://www.vsb.org/common/Uploaded%20files/LEOs/1859.pdf.

[3] Undersigned counsel understands that some defense counsel may object to the Government's request for communications protected by the attorney–client privilege. Mark Diamond, for example, has noted this objection to undersigned counsel. Therefore, a finding by this Court that the privilege has been waived to the extent necessary to respond to the Motion is necessary to develop a factual record to resolve this Motion.

[4] Undersigned counsel has attempted to contact Mr. Johnson through his listed email and phone number.

second request for an extension of time to respond in this matter but the first time an extension has been requested due to the need to obtain a statement from defense counsel.

## CONCLUSION

For the above reasons, the United States respectfully requests that this Court issue the attached proposed Order: (1) finding attorney–client waiver with respect to the issues covered by the allegations Petitioner raises in the Motion; (2) ordering defense counsel named in Petitioner's Declaration to submit an affidavit to this Court addressing those claims and to provide all relevant parts of the client files to the United States; and (3) extending the time for the United States to file its response to the Motion to thirty (30) days from the time it receives the affidavit from former defense counsel.

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By:         /s/
Jonathan Lowry
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3932
Fax: (703) 299-3980
Email: Jonathan.Lowry2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on June 27, 2025, I filed the foregoing document with the Clerk of Court using the CM/ECF system and will mail a copy of the document to Petitioner:

Ahmad Hashimi
Reg. No. 89875-083
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

                                                  /s/
                              Jonathan Lowry
                              Special Assistant United States Attorney
                              United States Attorney's Office
                              Eastern District of Virginia
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              Phone: (703) 299-3786
                              Fax: (703) 299-3980
                              Email: Jonathan.Lowry2@usdoj.gov